<div style="border:1px solid black">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0894-24

BRIANNE JOHNSON,

    Plaintiff-Respondent,

v.

THOMAS COLLINS,

    Defendant-Appellant,

and

LATRECIA "TRISH" LITTLES-FLOYD,
as Acting Chair and Chief Administrator
of The NEW JERSEY MOTOR
VEHICLE COMMISSION,

    Defendant.

_____

Submitted November 5, 2025 – Decided November 18, 2025

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000058-22.

Charles C. Berkeley, attorney for appellant.

CJ Brennan, LLC, attorneys for respondent (Christopher J. Brennan, on the brief).

PER CURIAM

In this probate action, defendant Thomas Collins appeals from a September 11, 2024 order denying his motion for reconsideration of the motion court's July 23, 2024 order granting summary judgment to plaintiff Brianne Johnson. The motion court determined Brianne[1] had sole title to a mobile home in Howell that she inherited intestate from her late husband, Ronald Johnson, who passed away on April 5, 2017. We affirm.

## I.

We glean the following salient facts from the motion record. On September 12, 2001, Collins purchased the mobile home for $21,224 from Mariano Reyes to provide a residence for his wife Sandra Johnson's children, Laura Johnson and Ronald, as well as Ronald's girlfriend at the time. The mobile home park required the mobile home to be owner-occupied. Thus, the certificate of title named Ronald as "owner" and Collins as "lienholder."

Notwithstanding what the certificate of title states, Collins alleged the parties entered into an oral agreement that he would purchase the mobile home

---

[1] We refer to plaintiff and other individuals with the same surname by their first names to avoid confusion. By doing so, we intend no disrespect.

A-0894-24

but only if Ronald paid Collins back and allowed Collins to reserve the right to sell the mobile home and receive the sales proceeds. Collins contends he only delivered a copy of the certificate of title to Ronald and Laura and kept the "real" certificate of title in his possession because Collins considered himself the true owner of the mobile home.

Collins further claims that prior to purchasing the mobile home, the parties agreed Laura, Ronald, and Ronald's former girlfriend would live in the mobile home rent free. Collins contends he agreed to renovate the mobile home to improve its condition. In reliance upon this alleged oral contract, Collins maintained he purchased the mobile home and performed renovations that cost $89,360.

Ronald, his former girlfriend, and Laura resided in the mobile home from 2002 to 2007. In 2007, Ronald's former girlfriend permanently moved out of the mobile home upon learning he was romantically involved with Brianne. Subsequently, Brianne moved into the mobile home with Ronald and Laura. When Laura experienced difficulties living with Ronald, Laura moved out of the mobile home in 2009.

From 2009 to April 5, 2017, Brianne and Ronald resided together alone in the mobile home. They married in 2010. Between January 2009 and May 2013,

A-0894-24

Ronald paid $5,500 to Collins to compensate him for the purchase of the mobile home. Unfortunately, Ronald developed medical problems and could no longer re-pay Collins. According to Collins, he agreed to allow Ronald to continue living in the mobile home without payment with the understanding Collins's lien would remain on the mobile home reduced by the amounts Ronald had already paid. When Ronald passed away intestate, his entire estate—including the mobile home—passed to Brianne as his surviving spouse because he died with no surviving children or other heirs under the intestacy laws of New Jersey.[2] Brianne was appointed the administratrix of Ronald's estate and continued to reside in the mobile home with her teenage daughter from another relationship.

---

[2] N.J.S.A. 3B:1-3 states:

> Upon the death of an individual, his real and personal property devolves to the persons to whom it is devised by his will or to those indicated as substitutes for them in cases involving lapse, renunciation, or other circumstances affecting the devolution of testate estates, or in the absence of testamentary disposition, to his heirs, or to those indicated as substitutes for them in cases involving renunciation or other circumstances affecting devolution of intestate estates, subject to rights of creditors and to administration.

A-0894-24

Collins contends he gratuitously allowed Brianne and her daughter to remain in the mobile home for a period of time after Ronald's death. Collins then asked Brianne and her daughter to vacate the mobile home so he could sell it, but they refused to leave. On April 5, 2018, Brianne obtained an affidavit of surviving spouse in lieu of letters of administration from the Monmouth County surrogate for Ronald's estate, which included the mobile home valued at $20,000.

On March 24, 2022, Brianne's attorney sent a letter to Collins's attorney stating title in the mobile home was properly and fully vested in Brianne and that any lien indicated on the title was illusory. In addition, Brianne's attorney stated they were "aware of no note or other instrument securing such a lien, nor of consideration for the same." On April 26, 2022, Brianne's counsel sent a letter to the mobile home park management explaining her ownership and expressing Collins "has absolutely no ownership interest in [the] property."

On May 10, 2022, someone acting on behalf of Collins's counsel sent Brianne an email referencing a phone call between the parties' attorneys and attached a four-page letter alleging Collins's rights to the mobile home and a potential lawsuit that would be filed if Brianne and her daughter refused to

A-0894-24

vacate the mobile home. Brianne's attorney claimed the referenced phone call never occurred.

On May 16, 2022, Brianne filed a complaint against Collins in the Chancery Division seeking a declaratory judgment declaring that title to the mobile home be vested entirely in her name. Brianne alleged Collins's "delays, actions, errors, and omissions" were impeding her ability to sell the mobile home because the New Jersey Motor Vehicle Commission (NJMVC) cannot issue a new title to any purchaser without a released lien. Brianne also sought attorney's fees and damages for "anticipatory frivolous action" and sanctions under N.J.S.A. 2A:15-59.1, the Frivolous Litigation Statute, and Rule 1:4-8,[3] and

---

[3] Rule 1:4-8 authorizes a judge to award attorney's fees as sanctions against any party for pursuing a frivolous complaint. Rule 1:4-8 supplements the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, which permits the trial court to award to a prevailing party in a civil action "all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non[-]prevailing person was frivolous." N.J.S.A. 2A:15-59.1(a)(1). To find a pleading was frivolous, the judge must conclude the filing was made "in bad faith solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15-59.1(b)(1), or "[t]he non[-]prevailing party knew, or should have known" the filing "was without any reasonable basis in law or equity," N.J.S.A. 2A:15-59.1(b)(2). See Toll Bros. Inc. v. Twp. of W. Windsor, 190 N.J. 61, 67-69, (2007); see also Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 404-05 (App. Div. 2001).

A-0894-24

punitive damages. As alterative relief, Brianne requested the NJMVC issue a new title for the mobile home reflecting she is the sole title holder "clear of any liens."

The next day, Brianne filed a first amended complaint, the operative pleading here, to correct the caption. On June 14, 2022, Collins filed an answer and counterclaim seeking a declaratory judgment directing "specific performance of the contract" between Brianne and Ronald's estate and its beneficiary and for equitable "reformation of the oral agreement" between Ronald and now his estate with Collins. He sought an order directing Brianne and her daughter to vacate the mobile home and to execute a certificate of title transferring ownership of the mobile home to him and to state he is the "sole lienholder."

Collins alleged Brianne breached her fiduciary duties as administratrix of Ronald's estate by refusing to transfer ownership to him, committed "fraud" by claiming to own the mobile home, and by making "comments" to third parties that the lien is not payable to him on the certificate of title. In addition, Collins claimed Brianne fraudulently performed her duties as administratrix. He sought compensatory, consequential, and incidental damages, as well as attorney's fees and sanctions pursuant to the Frivolous Litigation Statute and Rule 1:4-8.

7

On February 23, 2023, Collins filed a motion for summary judgment seeking to dismiss the amended complaint. Collins argued he proved an oral contract was made between himself, Ronald, and his sister, and Brianne was not present when the agreement was finalized. Collins contended Brianne was barred from seeking relief because Ronald was required by law to file a lawsuit to remove Collins as lienholder when Ronald received the certificate of title in 2002. In Collins's view, Ronald's estate was barred from challenging the lien based on the statute of limitations and laches.

Collins argued he proved that he paid $21,224 to purchase the mobile home and he received and kept the original certificate of title as "proof." He claimed to have treated Ronald "like a son" and allowed him and "his female companions" to reside in the mobile home rent-free. Collins contended Brianne breached her fiduciary duties, and she "should have known" that he and Ronald "had entered into a contract."

Brianne opposed Collins's motion for summary judgment. She countered that the vast majority of the undisputed facts he alleged were "hearsay and inadmissible," and included statements attributable to Ronald and his mother.

A-0894-24

Brianne also argued that Collins failed to comply with N.J.S.A. 3B:22-4,[4] because he failed to present his claim as a "creditor" to the personal representative of the estate "in writing and under oath" within nine months of Ronald's death.

On February 2, 2024, in an order accompanied by a written statement of reasons, the court denied Collins's motion for summary judgment. Citing N.J.S.A. 3B:22-4, the court determined the matter was not ripe for summary judgment because Collins did not demonstrate he presented his claim to Brianne.

On April 25, 2024, John T. Rihacek, Esq., filed a notice of appearance on Collins's behalf to assist co-counsel, H. Alton Neff, Esq., who had required adjournment on multiple occasions for "health and personal reasons." On April

---

[4] N.J.S.A. 3B:22-4 states:

> Creditors of the decedent shall present their claims to the personal representative of the decedent's estate in writing and under oath, specifying the amount claimed and the particulars of the claim, within nine months from the date of the decedent's death. If a claim is not so presented to the personal representative within nine months from the date of the decedent's death, the personal representative shall not be liable to the creditor with respect to any assets which the personal representative may have delivered or paid in satisfaction of any lawful claims, devises or distributive shares, before the presentation of the claim.

9                                                                    A-0894-24

29, 2024, the court denied Collins's motion to reconsider his previously denied summary judgment motion.

On June 14, 2024, Brianne filed a motion for summary judgment seeking a declaratory judgment of title to the mobile home. Collins's counsel did not oppose Brianne's summary judgment motion. On July 9, 2024, Collins's attorney, H. Alton Neff, Esq., requested an adjournment of the motion "indefinitely" due to health issues requiring hospitalizations. The adjournment request was denied.

On July 23, 2024, the court granted Brianne's motion and dismissed Collins's claims with prejudice. The court adjudicated Brianne the "sole owner and possessor of the mobile home" and ordered Collins to execute any and all documents to release the lien reflected on the title documents.

In its accompanying statement of reasons, the court found that Neff's adjournment request was improper because his co-counsel, Rihacek did not explain "why he was unable to file any opposition . . . either within or outside the deadline imposed by [the court]." The court reasoned that Rihacek had filed a notice of appearance on April 25, 2024, and argued Collins's motion for reconsideration on April 29, therefore, Rihacek was "up to speed on this case" and could have opposed Brianne's motion. The court also gave Collins a chance

A-0894-24

to cure his failure to oppose, stating it "would be open to entertain a motion for reconsideration if either [Neff] or [Rihacek] could explain why [Rihacek] was unable to file any opposition."

The court again relied on N.J.S.A. 3B:22-4, declaring Brianne title holder, and barring Collins's claims because he failed to pursue his claim of ownership or his lien within nine months of Ronald's death. The court found that Collins did not raise his claim until his counterclaim was filed, "well beyond the nine-month statutory limit imposed by N.J.S.A. 3B:22-4," and at that point, Brianne had already obtained an affidavit of surviving spouse in lieu of administration.

Finally, the court determined that Collins failed to present any disputed material issues of fact because of his failure to oppose the motion and lack of competent evidence beyond the 2002 certificate of title. The court stressed that "[t]hroughout the two-year course of this litigation, [Collins] has not provided competent evidence" and has "relied on hearsay statements . . . [that] have been [denied] by the [c]ourt twice."

On August 12, 2024, Collins moved for reconsideration of the July 23, 2024 order. First, Collins argued the court misapplied N.J.S.A. 3B:22-4, to automatically extinguish his security interest. Second, Collins asserted that material issues of fact existed, despite his failure to oppose the summary

11

judgment motion, because Brianne provided the court with the certificate of title and a summary of Collins's costs of renovations, which raised disputed material issues of fact regarding his security interest. Collins maintained that the purchase money security interest on the certificate of title, in addition to the purchase agreement between himself and Reyes, presented an issue of fact regarding his security interest.

On August 30, 2024, a different court heard oral argument on Collins's motion for reconsideration because the prior court had retired. During oral argument, Collins's attorney argued that N.J.S.A. 3B:22-4 does not apply to his alleged security interest in the mobile home. Instead, Collins's counsel cited N.J.S.A. 3B:1-3, and N.J.S.A. 3B:25-1, as statutory support that Collins's security interest was not automatically extinguished. Collins's counsel also argued that Brianne's exhibits presented material issues of fact evidencing Collins has a security interest, specifically: "the purchase money security interest on the [c]ertificate of [t]itle," "the purchase agreement between [Collins] and [Reyes]" and the summary of renovation expenses.

In opposition, Brianne contended that there were no material issues of fact as Collins's counsel and co-counsel failed to oppose her motion. Brianne also argued Collins failed to establish any grounds for reconsideration.

On August 30, 2024, the court conducted oral argument on Collins's motion for reconsideration and reserved decision. On September 11, 2024, the court entered an order denying the motion accompanied by a written statement of reasons. The court denied the motion for three reasons. First, Collins failed to comply with Rule 4:46-2, which requires denials of statements of fact to be supported by citations to the record.

Second, the court pointed out that the prior court analyzed the facts asserted by Brianne and the facts and pleadings submitted by Collins to date. The court noted Collins relied upon the same facts to assert there are issues of fact warranting denial of summary judgment. The court highlighted Collins failed to demonstrate as a matter of law he was a lienholder and not a creditor, and his contention that he was a lienholder was not based on "competent evidence."

Third, Collins was given "one last chance" to provide opposition but "did not heed that directive." The court concluded the order granting summary judgment to Brianne was not "based upon any incorrect or irrational basis," and the decision should "remain undisturbed on the merits."

On October 28, 2024, Collins appealed from the July 23, 2024 order granting summary judgment and the September 11, 2024 order denying

13

reconsideration. On November 15, 2024, we denied Collins's appeal as untimely and held:

> The forty-five-day time to appeal from the July 23, 2024 order was tolled when appellant moved for reconsideration in the trial court on August 12, 2024. By then, twenty days had elapsed. The tolling ended when the trial court denied reconsideration on September 11, 2024, and the remainder of appellant's forty-five days to appeal ran on October 7, 2024. The motion for the stay filed two days later did not toll the time for appeal.
>
> Pursuant to Rule 2:4-4(a), the court may extend the time for appeal "for a period not exceeding [thirty] days, but only if the notice of appeal . . . was in fact served and filed within[] the time as extended." Based on the timeline set forth above, appellant had until November 6, 2024, to file a notice of appeal, but did not comply with the Rule. For these reasons, the court cannot grant the motion.

On November 25, 2024, Collins filed a notice of appeal from the September 11, 2024 order denying reconsideration. On December 12, 2024, we granted Collins's appeal, "but limit[ed] the appeal to the September 11, 2024 order denying reconsideration." The limitation excludes "[t]he July 23, 2024 [summary judgment] order" and "is not part of the appeal."

Before us, Collins argues the court's denial of his motion for reconsideration on September 11, 2024, of the order entered on July 23, 2024, was an abuse of discretion. We disagree.

14

II.

We review a decision on a motion for reconsideration of a final judgment or order pursuant to Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). Such motions are "within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985)).

Reconsideration should be granted only in those cases that "fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401-02). "A litigant should not seek reconsideration merely

15

because of dissatisfaction with a decision of the [c]ourt." D'Atria, 242 N.J. Super. at 401.

Collins only challenges the July 23, 2024 order granting summary judgment to Brianne in his merits brief, which is in violation of our December 12, 2024 order granting his appeal "but limit[ed] the appeal to the September 11, 2024 order denying reconsideration." Therefore, we limit our analysis to the September 11, 2024 order denying reconsideration.

We discern no basis to disturb the court's finding that Collins was not entitled to reconsideration. Collins did not set forth a meritorious basis for reconsideration. Instead, he improperly sought to reargue Brianne's motion for summary judgment because he failed to comply with Rule 4:46-2 and was dissatisfied with the court's decision.

As the court reasoned, the July 23, 2024 order and decision was not based upon "any incorrect or irrational basis," citing to the statement of reasons accompanying that order. We agree. Moreover, Collins's attorneys did not avail themselves of the opportunity to cure the deficiency. The court properly denied Collins's motion for reconsideration because he did not set forth a viable basis to seek reconsideration of the July 23, 2024 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

16

A-0894-24